Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered March 27, 2008, convicting defendant, after a jury trial, of robbery in the first degree (two counts) and attempted robbery in the first degree, and sentencing him to an aggregate term of nine years, unanimously affirmed.
The court properly denied defendant’s suppression motion. The police stopped defendant, who matched a detailed description provided by three crime victims, in the vicinity of the scenes of the crimes three days after the last crime. In addition, the officer was carrying copies of surveillance photographs of the rob *556 ber. Although defendant asserts that the photos were of poor quality, the hearing court examined them and expressly found that they had a “striking strong resemblance to this defendant.” Accordingly, the police had, at the very least, reasonable suspicion for the stop (see e.g. People v Johnson, 22 AD3d 371 [2005], lv denied 6 NY3d 754 [2005]). Since defendant was suspected of armed robberies, the officer was justified in conducting a protective frisk that yielded a box cutter (see People v Mack, 26 NY2d 311, 317 [1970], cert denied 400 US 960 [1970]).
The court properly exercised its discretion in permitting the prosecutor to argue that the similarities among the three crimes warranted an inference that they were committed by the same person, so that the evidence as to each crime tended to prove the other, and it properly instructed the jury on this subject. The pattern was sufficiently distinctive so as to be probative of defendant’s identity (see People v Beam, 57 NY2d 241, 253 [1982]). The evidence established that defendant committed two robberies, and an attempted armed robbery, of three women within a period of a few days and a radius of a few blocks. The crimes had significant similarities, most notably being the fact that in each case the robber talked into a cell phone as he followed the victim into her building, apparently to give an impression of innocuous behavior. Defendant’s challenge to the phrasing of the court’s instruction is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits.
The prosecutor did not shift the burden of proof by commenting in summation on defendant’s omission from his testimony of material facts that would have supported his defense (see People v Overlee, 236 AD2d 133, 143 [1997], lv denied 91 NY2d 976 [1998]). Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Renwick and Richter, JJ.